## Ettmeyer, Appellant, v. Spang, Chalfant & Company.

Submitted April 30, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Frank C. Link,* for appellant.

*John R. Bredin,* and with him *Dalzell, Dalzell and McFall,* for appellee.

Opinion by Linn, J., July 8, 1931:

A widow claimed compensation for the death of her

husband who was injured in the course of his employment January 22, 1928, and died November 12, 1928. The referee and the board concluded that death did not result from the injury and dismissed the petition. On appeal to the common pleas, the learned court properly considered itself bound by the findings of fact made by the compensation authorities and entered judgment for the defendant.

It is peculiarly a medical case. The record contains the testimony of seven physicians. Most of them had examined and prescribed treatment for decedent. A post-mortem was performed and a copy of the report put in evidence. It showed conclusively that the cause of death was "hypernephroma, a form of cancer of the kidney," as found by the board; one of the physicians described it as a "malignant tumor;"—there was a "secondary involvement," he said, of other organs, including the heart. The compensation authorities found that there was "no direct, probable and causal connection between the injuries by accident and the condition which resulted in the death of the deceased employee......, but that......death was the result of disease disassociated from injuries by accident." Two of the seven physicians were called by claimant; they had not treated decedent, as four of the others had, and in reply to hypothetical questions, stated that in their opinion, the accident most probably produced the cancer which caused death. We, of course, are also bound by the findings of fact, as there is ample evidence to support them; in the circumstances, therefore, we cannot interfere with their conclusion.

Judgment affirmed